1  David M. Stein (Cal. Bar No. 198256)
    *dstein@ggtriallaw.com*
2  Joshua M. Robbins (Cal. Bar No. 270553)
    *jrobbins@ggtriallaw.com*
3  **GREENBERG GROSS LLP**
   650 Town Center Drive, Suite 1700
4  Costa Mesa, California 92626
   Phone: 949.383.2800
5  Fax:     949.383.2801

6  Attorneys for Petitioner
   EN POINTE TECHNOLOGIES SALES, LLC,
7  f/k/a PCM SALES ACQUISITION, LLC

8  **UNITED STATES DISTRICT COURT**

9  **CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

| | |
|---|---|
| EN POINTE TECHNOLOGIES SALES, LLC, a Delaware limited liability company, f/k/a PCM SALES ACQUISITION, LLC,<br><br>Petitioner,<br><br>v.<br><br>OVEX TECHNOLOGIES (PRIVATE) LIMITED,<br><br>Respondent. | Case No.: 2:17-cv-4362<br><br>**EN POINTE'S APPLICATION FOR LEAVE TO FILE DOCUMENT UNDER SEAL IN SUPPORT OF PETITION TO COMPEL ARBITRATION AND FOR ANTI-SUIT INJUNCTION**<br><br>[Filed concurrently with Declaration of David M. Stein and [Proposed] Order]<br><br>Filed: June 12, 2017 |

---

EN POINTE'S APPLICATION TO FILE DOCUMENT UNDER SEAL IN SUPPORT OF PETITION TO COMPEL ARBITRATION AND FOR ANTI-SUIT INJUNCTION
Case No. 2:17-cv-4362

## I. Introduction

Pursuant to Local Rule 79-5.2.2, Plaintiff En Pointe Technologies Sales, LLC ("En Pointe") applies to file the following document under seal:

- Contract for Services and Statement of Work between En Pointe Technologies Sales, Inc. and Ovex Technologies (Private) Limited (the " Service Contract"), which is attached as Exhibit A to the Declaration of David M. Stein in Support of the Petition for Order Compelling Arbitration and for an Anti-Suit Injunction.

En Pointe is lodging the Service Contract with the Court and asking for leave to file it under seal because it is labeled confidential and discusses confidential business terms.  We do not wish to be accused of breaching the contract by filing it publicly, but it is the core, operative document underlying the requested relief.

Sealing of the Service Contract is, therefore, appropriate to protect it from disclosure and to avoid En Pointe from being accused of breach by filing it.

## II. Discussion

Although courts generally recognize a strong presumption of public access to court records, this presumption is not without limits.  "Every court has supervisory power over its own records and files," and a district court's order sealing its records is "an exercise of its inherent supervisory power."  *Hagestad v. Tragesser*, 49 F.3d 1430, 1433–34 (9th Cir. 1995); *see also Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003).  In determining whether to seal court records, "courts should consider all relevant factors."  *Foltz*, 331 F.3d at 1135.

Two standards generally govern motions to seal: "good cause" and "compelling reasons."  *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010).  Where a party seeks to limit access to documents attached to a dispositive motion, the litigant must show that compelling reasons outweigh the presumption in favor of disclosure.  *Foltz*, 331 F.3d at 1136.  In contrast, "'good cause' suffices to

warrant preserving the secrecy of sealed discovery material attached to nondispositive motions." *Id.* at 1135.

Recent Ninth Circuit authority clarifies that "public access to filed motions and their attachments does not merely depend on whether the motion is technically 'dispositive.'" *Center for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir.), *cert. denied sub nom. FCA U.S. LLC v. Center for Auto Safety*, 137 S. Ct. 38, 196 L. Ed. 2d 26 (2016). "Rather, public access will turn on whether the motion is more than tangentially related to the merits of a case." *Id.* Where the motion is tangentially related to the merits of the case, good cause suffices. Where the motion is "more than tangentially related" to the merits of the case, the party seeking to seal records must demonstrate compelling reasons to overcome the presumption of access. *Id.*

The appropriate standard here is "good cause." The Service Contract is submitted in support of a petition that merely seeks an order compelling arbitration and enjoining a lawsuit in a foreign court. The relief sought does not seek a determination regarding the merits of the case.

Under either the "good cause" standard or the "compelling reasons" standard, the Service Contract is sealable. Courts have acknowledged various overriding interests that warrant protection. "The overriding interest can involve the content of the information at issue, the relationship of the parties, or the nature of the controversy." *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1073 (3d Cir. 1984). A "binding contractual obligation not to disclose certain information" can constitute an overriding interest because unbridled disclosure of the information would deprive the litigant of his right to enforce a legal obligation. *Id.* "An enforceable confidentiality agreement" may therefore provide a reason to deny public access to records that otherwise would not be sealable. *Id.* at 1074.

1  In this case, the Service Contract is labeled "confidential," evidencing the
2 parties' intention to keep it confidential, a legal right that can be enforced if the
3 Court seals the Service Contract.  Moreover, there is little public interest in this
4 confidential contract.  The overriding interest described above overcomes the right
5 of public access to the record.  The nature of this case – which involves the misuse
6 of confidential business information and the misappropriation of trade secrets –
7 compels En Pointe to act with caution.

### III. Conclusion

9  En Pointe respectfully asks the Court for an Order granting it leave to file the
10 Service Contract under seal.

Dated:  June 12, 2017          Respectfully submitted,

**GREENBERG GROSS LLP**


By:  */s/ David M. Stein*
     David M. Stein

     Attorneys for Petitioner
     EN POINTE TECHNOLOGIES SALES,
     LLC, f/k/a PCM SALES ACQUISITION,
     LLC